IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MATTHEW ALLEN,

                        Plaintiff,                                    ORDER

             v.                                                08-cv-665-bbc

DEPT. OF CORRECTIONS,
RICK RAEMISCH (Secretary) and
MATT HANEMAN, Agent for
Department of Corrections,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this prisoner civil rights lawsuit brought under 42 U.S.C. § 1983, plaintiff Matthew Allen challenges state officials' failure to release him by his mandatory release date during an earlier imprisonment. Plaintiff has requested leave to proceed in forma pauperis and has paid the initial partial filing fee.

Plaintiff is a prisoner confined at the Jackson Correctional Institution. Because he is a prisoner, the 1996 Prison Litigation Reform Act requires the court to deny leave to proceed in forma pauperis if he has had three or more lawsuits or appeals dismissed for lack of legal merit, or if his complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e). However, plaintiff is also a pro se

litigant, which means his complaint will be construed liberally as it is reviewed for these potential defects.  Haines v. Kerner, 404 U.S. 519, 521 (1972).

Plaintiff's complaint does not suggest that defendants violated his constitutional rights when he remained in prison 35 days beyond his mandatory release date.  Plaintiff alleges that, in 2004, after his parole was revoked, he received sentence credit when he was sentenced, but not all the credit that he "was entitled to."  He "contacted several people in the records department" to ask for the additional credit but they denied his requests. Plaintiff took his concerns to the circuit court that sentenced him.  The court denied his first motion for additional credit, but he moved for reconsideration and the court granted the motion and awarded him the additional credit.  The added credit put plaintiff 35 days past his new mandatory release date.

When a prisoner is incarcerated beyond the date authorized by state law, the prisoner's custodian may be liable under the Constitution if he disregards a substantial risk that the prisoner is being held illegally.  Campbell v. Peters, 256 F.3d 695, 700-01 (7th Cir. 2001); Armstrong v. Squadrito, 152 F.3d 564, 577 (7th Cir. 1998)  Russell v. Lazar, 300 F. Supp. 2d 716 (E.D. Wis. 2004).  In this case, it is hard to see how any of defendants "disregarded a substantial risk" that plaintiff was being held illegally.  As an initial matter, defendant Department of Corrections cannot be sued under § 1983 because it is not a "person" for the purpose of that statute.  Witte v. Wisconsin Department of Corrections, 434 F.3d 1031, 1036 (7th Cir. 2006).

As for the remaining defendants, they are Rick Raemisch, Secretary of the Department of Corrections, and Matt Hanaman, plaintiff's parole agent, who plaintiff says had a duty to recommend the correct amount of sentence credit and present all the relevant information at the hearing. There is no suggestion that either of these defendants knew anything at all about plaintiff's sentence credit problem. At most, it would be possible to conclude that defendant Hanaman could have learned about plaintiff's additional credit had he better prepared the "revocation packet."

Aside from defendants' apparent lack of knowledge regarding the incident, the facts suggest that plaintiff was not illegally imprisoned at all. Plaintiff alleges that he was entitled to a certain sentence credit, but he was apparently released as soon as the circuit court awarded that credit because it changed his mandatory release date to 35 days before the actual date. It might be possible to impose liability on a custodian who knew that a sentence credit *should* have been awarded but nonetheless relied on the court's determination of a sentence credit if plaintiff could show that the custodian knew the judge was clearly in error. In this case, however, at first even the judge declined to award the sentence credit. This suggests that it was not obvious that plaintiff was entitled to the credit. It was only upon reconsideration that the court agreed with plaintiff. Under these circumstances, it becomes extremely implausible to conclude that even a custodian who was aware that plaintiff believed he was entitled to more credit could be said to have "disregarded a substantial risk" of illegal confinement.

Under the Supreme Court's most recent cases on Fed. R. Civ. P. 8, <u>Aschcroft v. Iqbal</u>, 129 S. Ct. 1937, 1953 (2009), <u>and Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 547 (2007), a plaintiff must allege sufficient facts to make it more than speculative to believe "that additional discovery will fill in whatever gaps are left in the complaint" regarding defendants' liability. <u>Riley v. Vilsack</u>, ___F. Supp. 2d___, 2009 WL 3416255, *9 (W.D. Wis. Oct. 21, 2009). Plaintiff's complaint fails to meet this standard.

Although it appears unlikely from the complaint that plaintiff will be able to prove his case, it remains possible that he could allege additional facts that could make it plausible that plaintiff faced a substantial risk of being confined illegally and defendants were aware of that risk but disregarded it. Therefore, although I will dismiss plaintiff's complaint for failure to comply with Rule 8, I will give him an opportunity to file an amended complaint providing additional details about why he was at a substantial risk of being confined illegally and how each defendant disregarded that risk. If he chooses to file an amended complaint, he should focus on describing why he was entitled to additional sentence credit before the court ordered it, what each defendant knew about those matters and what they did or did not do. If plaintiff fails to file an amended complaint, he will receive a strike under 28 U.S.C. § 1915(g) for filing a complaint that fails to state a claim upon which relief can be granted.

ORDER

IT IS ORDERED that

1. Plaintiff Matthew Allen's complaint is DISMISSED because it is in violation of Fed. R. Civ. P. 8.

2. Plaintiff may have until November 23, 2009, in which to submit a proposed amended complaint that conforms to Rule 8. If, by November 23, 2009, plaintiff fails to respond to this order, the clerk of court is directed to close this case and assess plaintiff a strike under 28 U.S.C. § 1915(g) for filing a complaint that fails to state a claim upon which relief can be granted.

3. If, by November 23, 2009, plaintiff submits a proposed amended complaint as required by this order, I will take that complaint under advisement for screening under 28 U.S.C. § 1915.

Entered this 5th day of November, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge